2017 10732 Consumer Financial Protection Bureau v. Source for Public Data, LP. May it please the Court. My name is Ron Rather, and I'm here on behalf of Appellant, the Source for Public Data. I've asked for five minutes of rebuttal time and with the Court's discretion. Your Honors, we are here today because Congress gave the CFPB broad power. But that power is not unlimited, and Congress placed reasonable limits on that power to protect against abuse. In this appeal, the Court will decide whether two of these congressionally mandated checks on the CFPB's power are real or merely illusory. And I'll quickly go through those two points for this Court in summary. The first is 12 U.S.C. 5562 C.2. In that, Congress required in the notice of purpose, and I will emphasize for the Court the term notice because it's meant to provide notice, and that notice is of two things. The nature of the alleged violation that is being investigated and the specific statutory provision that gives rise to that alleged violation. That notice needs to be sufficient. And importantly, it frames the consideration eventually of a court under the Morton Salt factors as to whether there is a basis for jurisdiction. And then I think critically and practically, it frames the conversation as to reasonable relevance. So in other words, Your Honors, without there being a clear, concise statement in the notice of purpose that complies with 55, I'm sorry, with 5562 C.2, there is no means by which the Court can engage in the analysis, the second two factors of Morton Salt, as to whether the specifications in the SID are reasonably related. The second point, and as critically here, this Court has informed the District Court it has a duty to exact its process of making sure Morton Salt is complied with. And in the Zeta matter, the Court said, you know, we're not requiring, and in this case, public data is not arguing that this Court need to decide jurisdiction, but we're not requiring a very heavy burden on the CFPB. But the CFPB has to come forward with some evidence of jurisdiction once that jurisdiction has been challenged. And I would submit to Your Honors, when you look at the two affidavits that were submitted by the CFPB, which are Exhibit 5 and Exhibit 9. Why isn't jurisdiction an issue that should be decided later? I mean, once they make a specific demand and you have specific records that are asked for, I guess is the way it would work, isn't it? I think in certain circumstances, and there are cases that this Court has decided where, and frankly, the A6 case, the D.C. Circuit decided it was clear and obvious that the CFPB did not have jurisdiction. I would admit that this rule has to be balanced, because there are instances in which the CFPB What is your basis for jurisdiction? Again, I mean, in terms of, I mean, it's so broad. I will agree with Your Honor that this notice of purpose is so broad it would encompass any conduct by almost any actor in the United States. So the CFPB, in their notice of purpose, which again, I would argue, provides no notice at all. It includes the acts of any person that might be unlawful or an unlawful practice or procedure for any of the 14 enumerated statutes that Congress gave the CFPB authority to regulate. That could be thousands upon thousands of possible violations. Certainly, public data has no means to be able to determine why the CFPB could be arguing jurisdiction. But I think, again, when you look at Morton Salt and you look at the role of the Court, the inadequacy of this notice of purpose is highlighted by the fact that the Morton Salt factors cannot be applied with this notice of purpose. It's just simply too broad. That may be the case, but that's different from jurisdiction, isn't it? In other words, I mean, the vagueness of the lack of notification or the absence of proper notification of what they are investigating you for is different from the jurisdiction of the agency, which would be found, I guess, in the general statement, which says anybody has a reason to believe that any person in possession and so on, I mean, that would be the jurisdictional statement that would be extremely broad. Of course, the notification is extremely broad, too. But it seems to me that the notification is the primary issue here, is it not? Am I missing it? I think the two are related to one another, Your Honor. So I would concede that the CFPB is not required in the first instance to prove that they have jurisdiction specifically over my client. I realize that there were some arguments made in the lower court and some briefing that may have created the perception that that was the argument, but in fact, that was not the purpose of why we presented the evidence from the declaration of Mr. Stringfellow as well as the decision from the Eastern District of Texas in the Wilson matter finding that public data was not a consumer reporting agency. So what belief specifically do you seek, then? What we seek, Your Honor, is a reversal of the court's order that granting the motion to enforce the CFPB's SID. I think relative to that, it's important that this court reaffirm. And for what reason specifically? For two reasons. One is that the notice of purpose did not meet the requirements under 5562C2. And we could stop there, couldn't we? You certainly could, Your Honor. That would be a sufficient reason in and of itself. Is the second reason a separate and independent reason as well? It is, Your Honor. And that second independent reason is that the CFPB did not meet its prima facie burden of proof under ZADA to come forward with an affidavit explaining their basis for a jurisdiction or at a minimum explaining the minimal amount of work that would have been taken to determine whether in fact they needed this CID in order to determine if the agency had jurisdiction or not. They simply did not meet that burden. We need to stop with the first one, that it's insufficient on its face and we move on. Yes, Your Honor. Does that hinder your client in any way? No, Your Honor. I think that it does what we're asking for here, and that's that the CFPB be given the message that the statement, that the notice of purpose written in such broad terms is not sufficient, that the CFPB should write the notice of purpose in a way that makes it, you know, within the requirements and mandates of 5562C2, but also— It's the business your client is in, exactly. What service does it provide? So my client makes public record information available on the Internet. All right. And so what they want—you don't really know, I suppose, whether this is notification of purposes, whether it's to investigate you or your clients. Is that correct? That's correct, Your Honor. All right. And then there's no question that you have business or do business with consumer reporting agencies. That is an issue of dispute, Your Honor, as to whether my client does business with— With any of your clients. You have no clients that do any kind of consumer reporting? Not that we're aware of, Your Honor. So our—my client's business makes public record information available online. It uses a— But, I mean, you have—I mean, you are—I would assume that you have many, many clients. We do, Your Honor, and a lot of them are individuals like you or myself who want to be able to get access to public records without having to stand in long lines or without having to navigate sometimes the difficult bureaucracy of a recorder's or a clerk's or a DMV. And I suppose they are suggesting here that your clients are consumer reporting agencies and that they do have authority to investigate consumer reporting agencies. Is that more or less what they're claiming? I don't know, Your Honor, because they haven't been willing to answer that question. And I pose it on numerous occasions, including in the meet and confer process relative to the CID that was issued to my client. I think it's quite remarkable that they criticize us for not negotiating on the scope of the requests within the SID, so the—basically the interrogatories. But we certainly could not, just like the Court couldn't do its analysis under Morton Salt, because we didn't know what the scope or the purpose or the target or a lot of the questions that are critical and need to be answered and are required by 5562C2. I'm looking at this notification of purpose. What records or what information do they want from you? Have they supplied an answer to you on that? That is included as part of the CID. There is a list of specifications, interrogatory specifications, that are requesting information, both in terms of interrogatories as well as document production. Is that your main beef with the CID, just to catch all praise? Is that your main beef? I would say it's two things, Your Honor. So one is it doesn't identify the unlawful practice, right? So if you compare that to a lot of the other notice of purpose considered by this Court and other courts, it's a lot more specific. You have some idea as to what the investigation is about. Here it's just talking about unlawful acts. The other problem that I have is that it doesn't limit itself to any one particular law. It says any law that the CFPB has the ability to enforce, which could be 14 different statutory schemes and thousands and thousands of different variations in terms of possible violations. It has maybe eliminated the catch-all phrase and then maybe limited the scope of the inquiry to investigating only violations of the Fair Credit Reporting Act, for example. That might have been sufficiently narrow. I think what I'm asking for, Your Honor, is that the CFPB comply with 5562C2, which would provide us with enough information as to their basis for jurisdiction, which would then also enable us to have a conversation with the CFPB as to whether their specifications are reasonable in scope, are they reasonably relevant, which is the second factor under Morton Salt, and then also for us to be able to determine whether this is unduly burdensome. I think if we're the target of the investigation, maybe the burden analysis is different than if we're just a third party providing information to enable the CFPB to do an investigation. They will not tell you whether you are a target of the investigation? I'm sorry, Your Honor. They will not tell you whether you are a target of the investigation? They have not, Your Honor. The closest they've come is in the brief to this Court, where they seem to fluctuate back and forth between saying that we might be and that we aren't or it doesn't matter. Well, they're on a fishing expedition, I guess, and they don't know what they're going to find, and they may find something they can prosecute you for or charge you with. That may be their purpose, Your Honor. I don't think that 5562C2 permits them to do that. I think, likewise, under ZADA, the Court instructs the district courts if they play an important role in preventing an agency from doing exactly that, engaging in a fishing expedition. They have to come forward with an affidavit. And again, I think if you look at No. 5 and No. 9 out of public data's excerpts, you'll see those two affidavits submitted by the CFPB. They're wholly inadequate. They don't address at all the issue of jurisdiction. And importantly, they don't even go to make the attempt to say they did anything to investigate whether they actually have jurisdiction or they need information from public data to either complete an investigation, open investigation, whether it be as to public data or any other entity. We're left guessing, which is not what Congress said the CFPB could do. Do you know whether this is a practice of the agency to subpoena people in your business, in your industry, on this basis? Are they just going around serving these on everybody? So they were at one point in time. I think under the former director, there were a number of my clients that were getting these types of CIDs with very broad notice of purposes. The agency, I think, was using that as a vehicle or a means to do some investigation and learn how the industry worked. I will tell you that I normally represent consumer reporting agencies, as well as companies that will admit that they provide information to consumer reporting agencies to be incorporated into consumer reports. That's a very different circumstance than my client today, public data, which is really and simply trying to provide a service to the public to allow access to public records, which I think is an important part of being able to protect our rights under the Constitution. Is there a particular class of violations that they are specifically pursuing? You'd have to ask the CFPB that, because they haven't shared with me the details with respect to this particular CID. Just generally, though. Generally, I'm only aware of one case that the CFPB has brought, and that ended up in a settlement, a consent decree that was brought before court. That was against a company out of Dallas, Texas, GISBGC. What sort of violations were they charged with? So that was a company that admits that it's a consumer reporting agency. It provides information to potential employers, prospective employers, which falls within the definition of consumer report. What the CFPB said that GIS failed to do was employ reasonable procedures to assure maximum possible accuracy. So, in other words, in the information that GIS was providing to prospective employers, the CFPB said you didn't go far enough to make sure that information was accurate before you turned it over. That's obviously not included in this CID. It's not been part of any of the information. That's not in the nature of the information that you furnished, though, or is it? It is not, Your Honor. So my client is very different from a consumer reporting agency in that it takes public record information from courts, recorders' offices, any place that allows for public access to those records. It doesn't change those records at all. It sets them up in a database and allows a user, me or you, to come in and search with very general search terms and find a record. Without comment. Without comment, Your Honor. I have a question. The opposing brief says several times that you're only appealing relevance, but you just argued unduly burdensome to us. You're appealing the entire that Morton Salt can't be performed. Is that correct? I'm not actually arguing the second or the third factor. What I'm saying is without being able to adequately address the first factor and without the CFPB providing the specificity under 5562C2, we can't even engage in deciding. But you don't know whether it's burdensome or not because you don't know what they're seeking. That's exactly right. Or what's the scope. And then what the scope is. So it is related to that, but it's about the first factor that messes up the entirety of the analysis. Exactly, Your Honor. So when they say you're only saying it's not relevant, that's not exactly accurate. Yeah, so we didn't argue relevancy. And, in fact, in the lower court, before oral argument, I told the court, we're not arguing relevancy. We're not arguing the second factor under Morton Salt. And it's precisely for the reason, Your Honor, I see I'm out of time. Yeah, I was going to respond to the question. It's precisely for the reason that Your Honor articulated, which I hope to convey to you, which is without the CFPB meeting the requirements of 5562C2, it's impossible to determine the scope of the authority, the basis upon which the CFPB is saying it is investigating my client, to then, in turn, have the discussion about reasonable relevance. Thank you. You've saved time for rebuttal. May it please the Court, Kevin Friedel, appearing on behalf of the Bureau. I'll start with this statutory notice requirement because it seems to be the focus of this Court's inquiry. That provision of the Bureau's organic statute requires that each CID issued by the Bureau must set forth the nature of the conduct constituting the alleged violation under investigation and the provisions of law applicable to such violations. The CID here, sent to public data, described an investigation into whether consumer reporting agencies, persons using consumer reports or others, were violating the FCRA or its implementing regulation, Reg V, in the way they used or provided public records information. The CID, therefore, described the nature of the conduct and the provisions of law at issue here, and in doing so, it provided enough information for public data and for the district court to apply the Morton Salt test. Public data points to the D.C. Circuit's opinion in ACICS, but that opinion is really distinguishable, as the district court found. So the issue there... To me, I mean, it's very overbroad, but Congress gave you very overbroad investigative powers, apparently, too. But it seems to me that there's a lot of room in there for abuse of discretion and for a lot of judicially supervised instructions about limiting your investigations. I mean, you're essentially saying I can come in without any probable cause of believing that you violated the law in any way. I can come in and I can look for violations. It's almost like, you know, I've got a Wednesday afternoon and I don't have anything to do, so I'll just see what I can find to do. Well, the Supreme Court said in Morton Salt that an agency can use administrative subpoenas merely to assure itself that no wrongdoing is occurring. The Bureau's Organic Statute requires that we can only issue a CID when we have reason to believe the recipient may have information relevant to a violation, so there's a limitation there. But you haven't told them that. I mean, they don't know who this investigator is. I understand it. You may tell me differently. But they don't know whether they're being investigated for violations, what clients of theirs are being investigated for violation, or other than the clients may have violated the law somewhere sometime relating to, I guess, consumer protection. I believe it does say consumer reporting agencies. Don't you owe them a little more than that? Well, the notification of purpose is just one part of the CID that public data received. It also includes numerous specific requests for information. Those requests for information are focused on public data's business and are focused on... Public data does nothing, as I understand it, but furnish governmental information that's available to everybody and they just compile it in a single pile for everybody to come in and view, objectively, without comment. So you want to know who are their clients, what have they been looking for, what do you want to know? Well, that's their description of their business, but those are exactly some of the facts that the CID seeks to uncover. What do you want to know? We want to know whether consumer reporting agencies or others were violating the FCRA or Regulation B in the way they used or provided public records information. Are they a target? I'm sorry? Are they a target? The statute doesn't require that the Bureau identify... Well, if you don't believe you have to answer my question, I'm not going to force you to answer my question, but isn't it relevant to know if they're a target in order to determine if certain things are relevant or unduly burdensome? A target would have to do more than some random person who might have something in their stack of 3 million documents or more. Isn't that true, that all of that mort and salt depends on knowing enough information? Your Honor, it is clear, I think, from the CID red as a whole, not just the notification of purpose, that the Bureau is seeking to gather information about public data and whether it is, in fact, operating as a consumer reporting agency. There's not really any confusion, I think, about that fact. Public data has been the subject of a number of private lawsuits alleging that it violated the FCRA in providing these records for use in employment decisions, so consumers have... This is about going after them to see if they are acting as a reporting agency against their stated purpose for existence, correct? Yes, Your Honor. The information requested in the CID is certainly relevant. If you would just say that, why don't you just say that? Well, Your Honor, I think... I'm coming after you. I'm coming after you because I think you violated the law. And this is the way I think you violated the law. And this is the information that I want from you. I mean, focus the issue some way so that everybody has a fair chance. The question here is what 5562C2 requires, and it doesn't, in fact, require that the Bureau identify who it's... That doesn't mean that due process doesn't require it. Your Honor, I don't understand public data to have raised any sort of due process or other constitutional claim. I think their argument is under the statute and under the Morton Salt Test. I'm just talking broadly. I don't know much about this case other than what I've read in the briefs. Public data appears to agree that the way you judge whether the notification of purpose provided enough information is you look to whether it provides enough information to apply the Morton Salt Test and evaluate the subpoena's enforceability to raise relevance or burden objections. But they really haven't explained why this information they're asking for would be necessary to... It's not required by the actual plain text of the statute. You sure don't say why it's necessary either, do you? I'm sorry, Your Honor. You don't say why the information is necessary. You say we may find something here. That's all you're... I don't know. Maybe you're correct. I mean, the government can just go around willy-nilly looking for violations of law wherever they may land. That's not what's happening here, Your Honor. Again, the question is whether we have described the nature of the conduct and the provisions of law that are relevant. But you've told me an oral argument here more than you've told them, apparently, about why you are conducting this investigation. Again, I can only point to the language of the statute here. You've got none more than that. I'm sorry, Your Honor. Have you told more in the argument than was revealed so far? To public data. I couldn't say exactly what has taken place in the meeting confers. I wasn't involved in those. You weren't part of the meeting confers? No, I was not, Your Honor. So you don't know? You don't have notes or something? I have some idea. You read them of what was told? But I think, again, I have to keep returning to the two questions in this case are whether we satisfied the statute and whether this subpoena complied or, excuse me, yes, is enforceable under the Morton Salt standard. Well, Mike, if it has the same uninformative catch-all that was in the case in the D.C. Circuit, why doesn't that on its face make it inappropriate? That catch-all needs to just be did the district court have the power to delete that out or not? How does that work? I think it's possible the district court would have that power, 12 U.S.C. 5564H, which gave the district court jurisdiction to hear the resolve of this petition, allows the district court to enter any order necessary to carry out the purpose of the provision, language along those lines. So it's possible that it could have. But I would say with respect to the D.C. Circuit decision, the D.C. Circuit did not find any fault with that similar language, any other consumer financial protection law. The D.C. Circuit instead at the very end of its opinion said, you know, this uninformative language does nothing to cure the defects in the CID. So that language was not itself a defect. It just didn't help a notification of purpose that the D.C. Circuit had found. Doesn't it expand it tremendously? No, Your Honor. That language simply recognizes the reality that an agency doesn't know for sure at the outset of an investigation what violations of law it might uncover or by whom. I think a fair reading of this notification of purpose, especially when you look at the request for information in the CID, is that the investigation is focused on the use or provision of public records information in violation of the FCRA or Reg V. And that specific language doesn't disappear just because there's this sort of catch-all language in there. Any other federal consumer financial law is designed on purpose to expand it way beyond the Reg. I mean, that's— No, Your Honor. Why would you have that catch-all for anything in the whole world that could relate to consumer finances that's somehow in our federal law, which— Well, no. Even under public data's incorrect argument, this would be limited to the specific laws that the Bureau is tasked to— It doesn't say that. Of course. The term federal consumer financial law is a defined term in the Bureau's organic statute. But the CID doesn't say that. It's much broader than what you have authority over on its own face. Your Honor, I don't think the CID could be fairly read as suggesting that the Bureau would be seeking to enforce laws that it's not authorized by Congress to enforce. Seeking to get information. Oh, no. Seeking to get information about other things, regardless of whether it can enforce it or not. Under 5562c1, the Bureau can only issue CIDs to investigate violations of the laws that it enforces. Okay. Well, then why is it asking for information about the universe? Well, it's not, Your Honor. It's asking for information related to violations of the FCRA or Regulation V. That should stop there, then. Well, I would say— Any other. I would say that if the court does take issue with this catch-all language and finds that that renders the notification of purpose defective, an appropriate remedy in this case would be to remand to the district court for consideration of appropriately modified notification of purpose. Why can't you just issue a new subpoena that's correct? The Bureau could reissue a new CID. A remand would result in more expeditious resolution of this dispute, as we wouldn't have to go through the process of reissuing a new CID, go through our administrative process. And this Court has emphasized that subpoena enforcement proceedings are meant to be summary in nature. They generally result in enforcement of the subpoena. This subpoena was issued in January 2017. I think that counsel is in favor of the remand option if this Court were to find the notification of purpose. Have you been in any kind of settlement purposes at all? I mean, preliminary discussions. I understand you've had discussions, right? Yes, Your Honor. We've had discussions related to the CID. And in those discussions, I mean, was it a suggestion that you could limit your request to more restrictive records than you had insisted upon? Well, public data has — there is a process, a meet-and-confer process provided for in the Bureau's regs by which recipients of a CID can propose modifications. Those modifications are very often granted. The Bureau has every interest in reaching a mutually agreeable resolution of these sort of disputes. As this case well demonstrates, we don't have an interest in litigating these and having things drag out. Public data, however, has never requested any specific modifications to any of the requests for information in the CID. What has happened in these negotiations or conferences that you have had with the defendant here? What has been the nature of the conversations? I mean, have they been compromised, settlement, discussion about identifying the documents? No discussion about settling actually substantive claims, Your Honor, because the CID, of course, is not a complaint. The Bureau is still at the fact-gathering phase. Settling the breadth of the request, I mean. The Bureau is certainly open to that, and I think if you look at the two declarations that Counsel for Public Data mentioned in his argument, they set forth in some detail what was discussed at these meet-and-confers. They were extremely brief, and essentially what happened was public data came in and said, we're not covered by or violating the FCRA, so this CID can't be enforced. And that's really been the focus of their argument throughout this proceeding, at least until today, has been on this idea that we don't think we're covered, so you can't investigate whether we're covered or violating or someone else is covered or violating these laws at FCRA or Regulation V. You're authorized to bring suit, are you, under the statute? Yes, Your Honor, for violations of those laws, yes. But, of course, only, you know, once we've uncovered evidence that a violation is, in fact, occurring. And, of course, at the CID phase, the Bureau is still, an agency is still gathering evidence. Do you, generally speaking, do you operate on the basis of citizens' complaints and you've got enough complaints against one particular business, then your investigation is triggered? Or do you go around just looking for people to violate, who may or may not have violated the law? No, Your Honor, consumer complaints are an important, you know, indication that there might be a problem that warrants looking into. However, certain types of legal violations generate consumer complaints and certain types don't. So something that makes violations of the FCRA particularly pernicious in some cases is that a consumer may have no idea that the FCRA has been violated. So if they lose a job because incorrect information was provided about them by a consumer reporting agency, they may have no idea that that happened and they'd have no cause to file a complaint. Do you give individual relief? Yes. Do you provide individual relief to those who complain to you? Yes, both through the complaint process and also through lawsuits. Do you sue on behalf of one individual? No, we never have. I suppose the Bureau could. Do you engage in class actions of any kind? Do we engage in class actions? No, I don't think that would be possible, and we don't. We do, of course, like any other agency, have limited enforcement resources and we seek to maximize the impact, so I don't think a suit on behalf of one consumer would be— Well, I mean, I suppose you could form a class action with one consumer who suffered the same injury that thousands of others may have suffered. You know, these discussions about sort of the substantive claims the Bureau may or may not bring I think are really premature at this point because, again— I just wonder how you operate. I mean, whether you just operate going around looking for violations or whether the CIDs and other investigative tools you use are based upon some sort of probable cause that that particular business has been violating the law. The statutory standard, and this is in 5562C1, is that the Bureau can only issue a CID when it has reason to believe that the recipient may be in possession of information relevant to a violation of the laws that the Bureau enforces. I have—we probably need to give them each two more minutes because I have several questions about that. If they were truly a third party and you knew that going in and you didn't even think that they were the ones violating, you would still be able to get whatever papers you want from them under your reading of this, right? If you weren't accusing them of being a violator of the Fair Credit Reporting Act. The statute allows the Bureau to issue CIDs specifically for the purpose of seeking information relevant to— So as a true third party, I mean, you could still get the same information from them, or you think the scope would be different? I think—well, I think it's likely that the Bureau would be asking for different information in that case. It's a little hard to describe hypothetically, but I will—5562C2, this notification of purpose requirement we've been discussing, applies equally to third party subpoenas and first party. So you would have—so it doesn't matter whether you would have jurisdiction to bring an enforcement action over that third party who was in possession of the records for the CID? I believe— Would you use a CID or would you use some other type of administrative subpoena? A CID. You would use this even when it's a true third party, and even if you didn't have, quote, jurisdiction over them because they weren't subject to your— if we didn't have investigatory jurisdiction, we couldn't issue a CID. But you have investigatory jurisdiction that's much broader than enforcement jurisdiction, according to what you've been saying here today. I believe that's correct, Your Honor. And I would say that the fact that this notification of purpose requirement applies equally to third party and first party subpoenas really helps to, I think, underscore two points. First, it shows what is the interest that this notification of purpose requirement is meant to serve here, and that interest is, you know, the recipient of the CID has a very real interest in evaluating that CID, raising appropriate objections under Morton Salt, determining whether it needs to comply. That recipient doesn't have a valid interest in sort of whatever additional information about a confidential law enforcement investigation they might claim to want or about a future complaint that may or may not ever be filed. And the fact that the same standard applied to third parties, I think, underscores that because it's clear that a third party CID recipient, they do have this interest in evaluating the CID they received, but not in, you know, other details of an investigation into another entity. And the second point that underscores is that not just the Bureau, but regulated entities, actually, and entities under investigation could, you know, actually come to regret a rule that required additional details be set forth about an investigation in a third party subpoena. So, hypothetically, a CID sent to a company's bank that said, we're investigating this company, identifying them by name for these specific violations, could have a number of practical and legal consequences for the entity under investigation. Okay. I think you've answered that question, but I, okay. This case does not in any way involve any of the issues related to the legitimacy of the CFPB's actions during certain time periods, correct? No, Your Honor. In terms of all of the other issues related to the standing and the constitution of the CFPB. This case does not raise any of those issues. Those issues are not raised in this case. Okay. At all. And not on any theory. I've never been raised, you know, in the administrative process before the Bureau, in the district court, or in the filings in this court. Okay. And then the other question has to do with when is the proper time that a person, is it only when it reaches the enforcement stage, or when is the proper time where you say, look, CFPB, you do not have jurisdiction over us? That's correct, Your Honor. Only whenever the enforcement action is brought. So they can continue to get all the documents for years or however long and keep going back to the well, but they can never challenge that for that basis. Well, a contrary rule would allow a CID recipient to stop an investigation into whether the law has been violated by just saying. I just want to know, is that the answer? Your time is up, so is that true, that you can keep going back to the well without ever determining whether you have jurisdiction over the alleged conduct? Yes or no? Yes, Your Honor. Okay. Thank you. Your Honors, I think the CFPB wants their cake and eat it as well. So they want to use a very broad statement on jurisdiction in the notice of purpose so that it makes it difficult to argue they don't have jurisdiction. But then they want to force the recipient of the CID to somehow negotiate limitations of the specifications in that CID based on a vague and nondescript notice of purpose. Well, but if you knew that you, in fact, are some target, that they think you actually are a fair credit reporting bureau subject to that law, even though you say you're not, and you knew that they were not expanding that other clause beyond modifying the statutes and regulations that are already in there, then why wouldn't that be narrow enough? Well, we didn't know that, Your Honor, until today. Okay. We didn't know that the CID was based on complaints that had been filed in the court. In fact, in the meet and confer process, it didn't last very long because we asked the CFPB staff to explain what their basis was for jurisdiction. In the course of that conversation, we obviously pointed to the fact that in the litigation that has gone to a decision from the court, my client actually prevailed at summary judgment. And that court in the Eastern District of Texas found that, based on facts that were submitted to that court, it determined my client was not a consumer reporting agency. And I think that's particularly telling here because what could the CFPB have done before coming to this court to provide further explanation? Well, in Zadah, this court said submit an affidavit. So go back and look at the affidavit. You don't have to be a consumer reporting agency in order to be subject to one of these subpoenas. All you've got to do is have information that is relevant to a legitimate investigation they're doing of a consumer reporting agency. And I don't see how you could claim they don't have jurisdiction to ask you for records of a crime or a violation of law if they think it's being done by one of your clients. You can't say I'm not going to give you that information because you ain't got jurisdiction. You can't say you don't have jurisdiction over your clients. You ain't got standing to raise that. They said we're not claiming we have jurisdiction over you. We're claiming you've got information that we want and it's relevant to a legitimate investigation that we're doing. That's all. You'd be subject to that, wouldn't you? So I'm not asking the court to decide the issue of jurisdiction today, but I do think it's important to recognize that Congress enacted 5562C2 just for this purpose. Because the CFPB has such broad regulatory authority, 14 different statutes regulating from debt collection to loans to the FCRA to TILA, I mean, it's countless the number of laws that are at issue and the thousands upon thousands of potential violations. Congress did not pass 5562C2 and say it's toothless, that all the CFPB needs to do is reference some statute that it may have authority under, and that's alone and sufficient to allow them to use their broad powers to issue a CID and burden the business. 5562C2 was enacted specifically for this reason, to make sure that there is accountability at the CFPB and that recipients of CIDs learn the conduct constituting the alleged violation. We didn't get that here. It's unlawful acts or practices that could implicate any of the 14 consumer financial protection statutes that the CFPB has the authority to regulate over. To me, that's not sufficient notice for the recipient to be able to understand, you know, why this CID. It's not sufficient notice to be able to determine whether jurisdiction is proper under that recipient or certainly it's not enough to be able to negotiate reasonable relevance and certainly to perform the second and the third factors under Morton Salt that the district court was required to perform. I don't know how the court could have performed that without understanding what the basis was for the CID and the statement within the notice of purpose as presented by the CFPB. And I think it's important to realize that that needs to be proper out of the gate. And the CFPB, you know, I think needs the message sent to them that they need to comply with 5562C2, that this is not just simply a matter of form over substance. There is a practical purpose and there is an implication to enabling, if we enable the CFPB to continue to ignore 5562C2. I will also note, and I did mention that we had in the meet and confer, that's what we raised. We raised this issue of how can we negotiate a limitation if we don't know the proper scope and purpose and that your notice of purpose was insufficient. I think, likewise, that CFPB failed to meet its burden under ZADA. So they could have, in the district court, submitted an affidavit that said, public data, we're investigating you, and we think that you're a consumer reporting agency, and we think that our specifications relate to our investigation to determine whether you are one or not. Look at those two affidavits. They don't mention anything about jurisdiction. They don't mention anything about an investigation or even a preliminary investigation to determine whether the CFPB has a basis. I mean, think about that, Your Honors. We have a decision from an eastern district court of Texas, a summary judgment decision. The court looked at the facts and determined that public data was not a consumer reporting agency. So we have to ask the question, did the CFPB ever even go on public data's website? Did they ever try to use the product? I'm not saying that they had to establish jurisdiction, but I think ZADA says in their affidavit they should have at least put forward some evidence that they did some preliminary investigation to determine whether they had jurisdiction. You're not claiming jurisdiction. All your argument is is jurisdiction now. Well, no, what I'm arguing, Your Honor, is that the CFPB has to take minimal steps before they exercise their broad authority to issue a CID, especially when the authority that they have under the enumerated statutes cover 14 different statutes. What we're asking for is that the CFPB comply with 5562C2 and provide the level of specificity that enables a recipient of a CID to be able to go through the analysis that's required by Morton Salt and, frankly, to be able to substantively engage in negotiations with the CFPB over the propriety of the scope of the specifications in the CID. I see I'm out of time. Thank you, counsel. We have your argument. This case is submitted.